# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Aaron Marks, P.C.
To Call Writer Directly:
+1 212 446 4856
aaron.marks@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

March 14, 2022

The Honorable Edgardo Ramos
U.S. District Court for the
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re: *DarkPulse, Inc. v. FirstFire Global Opportunities Fund, LLC et al.*,
       Case No. 1:21-cv-11222-ER

Dear Judge Ramos:

  In accordance with Your Honor's Individual Practices Rule 2(A)(ii), Defendants FirstFire Global Opportunities Fund, LLC ("FirstFire") and Eli Fireman (collectively, "Defendants") request a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff DarkPulse, Inc.'s ("DPLS" or "Plaintiff") Complaint (Dkt. No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).

  DPLS and FirstFire entered into two convertible note transactions that are the subject of this action: i) an April 26, 2021 Senior Convertible Promissory Note (the "2021 Note"), attendant to which the parties also executed a Securities Purchase Agreement ("2021 SPA") and Registration Rights Agreement (Compl. ¶ 31); and ii) a September 20, 2018 Senior Convertible Promissory Note ("2018 Note"), also attendant to which was a Securities Purchase Agreement ("2018 SPA") and Registration Rights Agreement (*id.* ¶ 20). After DPLS failed to repay the 2018 Note in 2019, FirstFire converted the 2018 Note to DPLS common shares over a two-year period. (*Id.* ¶ 26.) After DPLS defaulted on its obligations under the Registration Rights Agreement entered into in connection with the 2021 Note, FirstFire converted the 2021 Note to DPLS common shares on November 15, 2021. (*Id.* ¶¶ 42; 43 & n.13.)

  DPLS thereafter objected to FirstFire's conversion of the 2021 Note, and as a result, on December 13, 2021, FirstFire commenced an action (in compliance with the 2021 Note's exclusive forum provision) in the Delaware Court of Chancery, seeking a declaration that it properly converted the 2021 Note (the "Delaware Action"). DPLS subsequently filed this action on

## KIRKLAND & ELLIS LLP

Hon. Edgardo Ramos
March 14, 2022
Page 2

December 31, 2021, asserting claims to rescind the 2021 Note and 2018 Note pursuant to Section 29(b) of the Securities Exchange Act (Counts I and II), a claim against Mr. Fireman as a purported control person (Count III), and common law claims for unjust enrichment and a constructive trust (Counts IV and V). Shortly after initiating this action, DPLS sought a temporary restraining order, which the Court denied, and a preliminary injunction stopping FirstFire from selling the DPLS shares it acquired from converting the 2021 Note. (Dkt. Nos. 12, 14, 17, 18, 22.) At a hearing on January 21, 2022, the Court denied DPLS's motion for a preliminary injunction (Dkt. No. 23), finding the 2021 Note's Delaware exclusive forum-selection clause was enforceable and thus "this action is not properly before this Court," but "even if the forum selection clause did not apply, [the Court] would deny the motion for preliminary injunction," as DPLS (i) was unlikely to succeed on the merits of its Section 29(b) claim, (ii) failed to show irreparable harm, (iii) failed to show that the balance of hardships favored its interests, and (iv) failed to show that the public interest would be served by an injunction. (Dkt. No. 24 ("Transcript" or "Tr.") at 43:22–46:13.)

FirstFire now seeks leave to move to dismiss all Counts of the Complaint.

**I.** **DPLS's Claims Regarding the 2021 Note Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(3) Based on the Exclusive Forum Selection Clause.**

In addressing DPLS's preliminary injunction motion, the Court held that the "[Delaware] forum selection clause is presumptive enforceable, and thus this action is not properly before this Court." (Tr. at 43:22–25.) The clause was clearly communicated to and agreed upon by DPLS, by its terms is mandatory, and encompasses the claims in this lawsuit relating to the 2021 Note. (*Id.* at 43:23–44:20 (citation omitted).) Counts I, II, IV and V should therefore be dismissed as to the 2021 Note.[1]

**II.** **DPLS's Section 29(b) Claims Regarding the 2018 Note Are Time-Barred.**

A Section 29(b) action must be brought within "one year after the discovery that [a] sale or purchase involves [a violation of Section 15(a)] and within three years after such violation." 15 U.S.C. § 78cc(b). The three-year statute of limitations begins to run at the *time of the violation*, *i.e.*, at the time the September 2018 Note was executed. *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1041 (2d Cir. 1992) (applying Section 29(b)'s statute of limitations to a claim for violations under the "almost identical" Investment Advisers Act and holding the statute began to run on the date the agreement was signed, rather than when subsequent sales were made pursuant to the agreement). As the 2018 Note was executed on September 20, 2018 (Compl. ¶ 20), and this

---

[1] Simultaneous with submitting this letter, FirstFire has voluntarily dismissed the Delaware Action. Having prevailed on DPLS's motion for a preliminary injunction and having sold the DPLS common shares it desired to sell from its partial conversion of the 2021 Note, FirstFire does not wish to pursue its claims in the Delaware Action at this time. This voluntary dismissal, of course, does not alter the fact that DPLS must bring any of its own claims relating to the 2021 Note in a Delaware forum, not in this Court.

## KIRKLAND & ELLIS LLP

Hon. Edgardo Ramos
March 14, 2022
Page 3

action was filed on December 31, 2021, claims relating to the 2018 Note are time-barred. In addition, such claims are time-barred because DPLS could have reasonably discovered the facts underlying its claims within a year of execution of the 2018 Note.

### III.   Each Count of the Complaint Fails to State a Claim.

*DPLS's Section 29(b) Claims Fail.*  In denying Plaintiff's motion for a preliminary injunction, the Court held that DPLS was unlikely to succeed on the merits of these claims, as its "theory that the April 2021 note is invalid under section 29(b) of the Securities Exchange Act because FirstFire was acting as an unregistered broker dealer has already been rejected by two courts in this district." (Tr. at 45:6–15 (citing *LG Cap. Funding, LLC v. ExeLED Holdings, Inc.*, 2018 WL 6547160, at *5 (S.D.N.Y. Sept. 28, 2018), and *EMA Fin., LLC v. Vystar Corp., Inc.*, 2021 WL 1177801, at *2 (Mar. 29, 2021), *reconsideration denied* 2021 WL 5998411 (S.D.N.Y. Dec. 20, 2021))); *see also EMA Fin., LLC v. NFusz, Inc.*, 509 F. Supp. 3d 18, 37 n.22 (S.D.N.Y. 2020); *Tanzanian Royalty Exploration Corp. v. Crede CG III, Ltd.*, 2019 WL 1368570, at *13 (S.D.N.Y. Mar. 26, 2019); *Omega Overseas Partners, Ltd. v. Griffith*, 2014 WL 3907082, at *4–5 (S.D.N.Y. Aug. 7, 2014); *Frati v. Saltzstein*, 2011 WL 1002417, at *6 (S.D.N.Y. Mar. 14, 2011). The reasoning of these decisions applies with equal force to the 2018 Note, which by its terms, did not require FirstFire to act as an unregistered broker-dealer, as it did not require FirstFire to buy or sell securities. (Compl. Ex. 1.) Additionally, FirstFire is not a dealer within the meaning of the Securities Exchange Act. FirstFire has only ever sold securities on its own behalf and has never acted as an underwriter for an offering of securities. (Dkt. No. 18 at 21.) Accordingly, as the contracts at issue are not in violation of federal securities law, the transactions as performed are not either.[2] Counts I and II should be dismissed.[3]

*DPLS's Section 20(a) Claim Fails.*  As the Complaint fails to allege an underlying securities violation, DPLS's Section 20(a) claim against Mr. Fireman (Count III) fails.[4]

*DPLS's State Law Claims Fail.*  DPLS also fails to state a claim under *any* state law potentially applicable to Counts IV and V.  Further, if Counts I–III are dismissed, this Court would lack subject matter jurisdiction over these state law claims as the parties are not diverse.

Defendants thus respectfully request a pre-motion conference to file a motion to dismiss.

---

[2]   It is unclear whether an alleged section 15(a) violation can be a predicate for a section 29(b) claim for rescission.
[3]   While DPLS has argued that the contracts as performed violate federal securities laws, under Section 29(b), "only unlawful *contracts* may be rescinded, not unlawful transactions made pursuant to *lawful* contracts." *Pompano-Windy City Partners, Ltd. v. Bear Sterns & Co., Inc.*, 794 F. Supp. 1265, 1288 (S.D.N.Y. 1992).
[4]   The Complaint is also devoid of any allegation that Mr. Fireman acted with scienter, a required element of a Section 20(a) violation.  *Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 248 (S.D.N.Y. 2006).

## KIRKLAND & ELLIS LLP

Hon. Edgardo Ramos
March 14, 2022
Page 4

                                            Sincerely,

                                            */s/ Aaron Marks*
                                            Aaron Marks, P.C.
                                            *Counsel for Defendants FirstFire Global Opportunities Fund, LLC & Eli Fireman*