# Exhibit E

No *Shepard's* Signal™
As of: October 12, 2022 7:29 PM Z

# GS Capital Partners, LLC v. FTE Networks, Inc.

Supreme Court of New York, New York County

August 18, 2022, Decided

Index No. 650626/2021

**Reporter**
2022 N.Y. Misc. LEXIS 4698 *; 2022 NY Slip Op 22286 **

 [**1]  GS Capital Partners, LLC, Plaintiff, against FTE Networks, Inc., SCFTE SPV LLC, Defendants.

**Notice:** THIS OPINION IS UNCORRECTED AND SUBJECT TO REVISION BEFORE PUBLICATION IN THE PRINTED OFFICIAL REPORTS.

## Core Terms

summary judgment

## Case Summary

**Overview**

HOLDINGS: [1]-Plaintiff was not entitled to summary judgment in lieu of complaint to recover under the terms of a convertible redeemable note because defendants raised factual disputes that could give rise to a potentially meritorious criminal usury defense, which was a fact-specific affirmative defense for which defendants should have the benefit of discovery, and thus, the proceeding was converted to a plenary action under CPLR 3213.

**Outcome**
Plaintiff's motion for summary judgment in lieu of complaint denied.

## LexisNexis® Headnotes

Business & Corporate Compliance > ... > Breach > Breach of Contract Actions > Money Had & Received

Civil Procedure > Judgments > Summary Judgment > Motions for Summary Judgment

**HN1**[ ]  **Breach of Contract Actions, Money Had & Received**

CPLR 3213 permits a party to move for summary judgment in lieu of a complaint when an action is based upon an instrument for the payment of money only and provides that if the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.

Civil Procedure > Judgments > Summary Judgment > Entitlement as Matter of Law

Contracts Law > Defenses > Usury

**HN2**[ ]  **Summary Judgment, Entitlement as Matter of Law**

A potentially meritorious usury defense warrants denial of a motion for summary judgment in lieu of a complaint.

Banking Law > ... > National Banks > Interest & Usury > Rate & Recovery of Interest

Contracts Law > Defenses > Usury

Real Property Law > Financing > Mortgages & Other Security Instruments > Usury

Business & Corporate Compliance > ... > Discharge & Payment > Payments > Interest

Banking Law > ... > Banking & Finance > National Banks > Usury Litigation

**HN3**[ ]  **Interest & Usury, Rate & Recovery of**

Case 1:21-cv-11222-ER   Document 40-5   Filed 10/12/22   Page 3 of 5

Page 2 of 4
2022 N.Y. Misc. LEXIS 4698, *4698; 2022 NY Slip Op 22286, **1

**Interest**

A stock conversion option that permits a lender, in its sole discretion, to convert any outstanding balance to shares of stock at a fixed discount should be treated as interest when applying the usury law, *Penal Law § 190.40*, and a contract is void ab initio if it violates the usury law. A criminally usurious loan is void and unenforceable.

Contracts Law > Defenses > Usury

*HN4*[ ]  **Defenses, Usury**

Usury is a fact-specific affirmative defense for which defendants should have the benefit of discovery.

**Counsel:**  **[*1]** For Plaintiff: Mendy M. Piekarski, PIEKARSKI LAW PLLC, New York, NY; Mohammad Karim Sabbidine, THOMPSON HINE LLP New York, NY.

For Defendants: Justin Y Chu, TARTER KRINSKY & DROGIN LLP, New York, NY; Mark R. Basile, THE BASILE LAW FIRM P.C., Jericho, NY.

**Judges:** Joel M. Cohen, J.

**Opinion by:** Joel M. Cohen

# Opinion

Joel M. Cohen, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 37, 38, 39, 40 were read on this motion for SUMMARY JUDGMENT IN LIEU OF A COMPLAINT.

Plaintiff GS Capital Partners, LLC ("GS Capital" or "Plaintiff") moves pursuant to *CPLR 3213* for summary judgment in lieu of complaint against Defendants FTE Networks, Inc. ("FTE") and SCFTE SPV LLC ("SCFTE" and together with FTE, "Defendants") to recover under the terms of a Convertible Redeemable Note ("Note"). Plaintiff's motion is DENIED, and this matter shall proceed as a plenary action.

**BACKGROUND**

The parties entered a series of agreements on March 10, 2020, pursuant to which GS Capital acquired FTE common stock at a discount. First, GS Capital and FTE entered a Securities Purchase Agreement ("SPA") (NYSCEF 6) which required FTE to enter the Note and for its affiliate, **[*2]**  SCFTE, to enter a guaranty. Second, FTE executed the Note (NYSCEF 5) pursuant to which it promised, among other things, to pay GS Capital $1,800,000.00. The Note accrued interest at a 6% rate of interest. Third, SCFTE executed a Payment Guaranty ("Guaranty") on the Note (NYSCEF 7). The authenticity of the SPA, Note and Guaranty are not in dispute (NYSCEF 25 at 1 [Defendant's Memorandum of Law]).

Following the execution of the Note, in August of 2020, FTE informed the Securities and Exchange Commission ("SEC") that it could not timely file certain required documents and FTE subsequently became delinquent in its SEC filings (NYSCEF 4 ¶¶11-15 [Affidavit of Isaac Kastner], NYSCEF 8-10). As a result, GS Capital contends that FTE defaulted under Section 8(m) of the Note and on January 25, 2021 GS Capital issued a notice of acceleration to FTE (NYSCEF 11). This action was commenced on January 27, 2021, by the filing a summons with notice of motion for summary judgment in lieu of a complaint (NYSCEF 1).

On March 22, 2021, Defendants submitted opposition (NYSCEF 17-25). Defendants **[**2]**  argue that (a) the Note is "inextricably linked to, a securities purchase agreement" and therefore not an instrument **[*3]**  for the payment of money only; (2) the Note is criminally usurious; and (3) that Plaintiff may have acted as an unregistered securities dealer (NYSCEF 25 at 1). In support of their contentions, Defendants have filed a copy of the Complaint in *SEC v. John M. Fife et. al.* (N.D. IL. 20-cv-05227) (NYSCEF 24) in which the SEC claims "engaging in a regular business of buying convertible notes and then selling the resulting newly-issued shares of microcap companies' stock into the public market" constitutes a violation of *Section 15(a)(1) of the Securities Exchange Act*.

The parties stipulated to multiple adjournments (NYSCEF 26-30) and on July 20, 2021, informed the Court that their efforts at a compromise had failed (NYSCEF 31). GS Capital filed its reply on July 23, 2021 (NYSCEF 32). Thereafter, Defendants submitted letters to the Court (NYSCEF 37-38) to draw attention to supplemental authority. Specifically, Defendants contend that the Court of Appeals decision in *Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 157*

Firefox                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              about:blank
Case 1:21-cv-11222-ER   Document 40-5   Filed 10/12/22   Page 4 of 5

N.Y.S.3d 800, 179 N.E.3d 612 [2021]*. as subsequently relied on in *PHSC, Inc. v Powerhouse Group Enterprises, Inc., 74 Misc 3d 1222[A], 162 N.Y.S.3d 924, 2022 NY Slip Op 50204[U] [Sup Ct New York County 2022]*, warrants denial of Plaintiff's motion based on Defendants' potentially meritorious usury defense. Specifically, the Court of Appeals held that a conversion option to purchase securities at a discount could be treated as interest for **[*4]** purposes of applying a usury defense.

Plaintiff submitted a letter in response (NYSCEF 39) arguing that the Court should not consider Defendants' letters because they are impermissible sur-replies and because applying *Adar Bays* "would constitute an improper retroactive application of a new principle of law" under *Gurnee v Aetna Life and Cas. Co., 55 NY2d 184, 433 N.E.2d 128, 448 N.Y.S.2d 145 [1982]*. Defendants submitted a reply letter generally arguing that Plaintiff's analysis of *Gurnee* was incorrect (NYSCEF 40). The Court has considered the parties' arguments with respect to the applicability of *Adar Bays* on the merits.

**DISCUSSION**

*HN1*[ ] *CPLR 3213* permits a party to move for summary judgment in lieu of a complaint "[w]hen an action is based upon an instrument for the payment of money only" and provides that "[i]f the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise." The inquiry for the Court is whether the Note is "entitled to the expedited treatment of *CPLR 3213*" (*PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 494, 47 N.Y.S.3d 25 [1st Dept 2017]* [denying motion where the court had to consider additional documents, determine whether there was a default and directing discovery]). *HN2*[ ] Relevant here, a potentially meritorious usury defense warrants denial of a motion for summary judgment in lieu of a complaint ( **[*5]** *Cleo Realty Assoc., L.P. v Papagiannakis, 151 AD3d 418, 419, 56 N.Y.S.3d 294 [1st Dept 2017]*).

*HN3*[ ] In *Adar Bays*, the Court of Appeals held that (1) "*a stock conversion option that permits a lender, in its sole discretion, to convert any outstanding balance to shares of stock at a fixed discount should be treated as interest*" when applying the usury law, *NY Penal Law § 190.40*, and (2) that a contract is "void ab initio" if it violates the usury law (*Adar Bays, 37 NY3d at 323-324*). The PHSC, Inc. decision cites Adar Bays for the proposition that "a criminally usurious loan is void and unenforceable" (*PHSC, Inc., 74 Misc 3d 1222[A], 2022 NY Slip Op 50204[U] at *2*).

Plaintiff's reliance on *Gurnee* to limit the applicability of *Adar Bays* is misplaced. In Gurnee, the Court of Appeals held that its decision *Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 454, 403 N.E.2d 159, 426 N.Y.S.2d 454 [1980]* concerning the term "first party benefits" as used in the Insurance Law should be **[**3]** applied retroactively to all cases not barred by the statute of limitations. The Court of Appeals noted that "a change in decisional law usually will be applied retrospectively to all cases still in the normal litigating process. . . As an exception to this general rule, however, where there has been such a sharp break in the continuity of law that its impact will wreak more havoc in society than society's interest in stability will tolerate a court may direct that the new pronouncement operate prospectively alone" (*Gurnee, 55 NY2d at 191-92* [internal **[*6]** citations and quotations omitted]). The Court of Appeals stated "it is important to emphasize that Kurcsics did not establish a new principle of law. It merely construed a statute that had been in effect for a number of years" (*id. at 192* [quotation omitted]). The *Adar Bays* decision did not establish a new principle of law, but instead construed a statute that has been in effect for many years. Nor did the court suggest that its opinion should be given only prospective effect. Accordingly, there is no basis for the Court to find that *Adar Bays* is inapplicable to the present case.

The Court finds that Defendants have raised factual disputes that could give rise to a potentially meritorious criminal usury defense. *HN4*[ ] Usury is a fact-specific affirmative defense for which Defendants should have the benefit of discovery. Accordingly, this proceeding will be converted to a plenary action under *CPLR 3213* (*Punch Fashion, LLC v Merchant Factors Corp., 180 AD3d 520, 521, 120 N.Y.S.3d 284 [1st Dept 2020]*, lv to appeal dismissed sub nom. *Merchant Factors Corp. v Cleary, 35 NY3d 1124, 134 N.Y.S.3d 7, 158 N.E.3d 898 [2020]*). In view of this determination, the Court does not at this stage address the merits of Defendants' other arguments in opposition to the present motion.

Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment in lieu of a complaint is **DENIED**; it is further

**ORDERED [*7]** that this matter proceed as a plenary action and that the moving and answering papers on

3 of 4                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                       10/12/22, 3:29 PM

2022 N.Y. Misc. LEXIS 4698, *7; 2022 NY Slip Op 22286, **3

this motion be deemed the complaint and answer, respectively (*CPLR 3213*); it is further

**ORDERED** that the parties confer in advance pursuant to Commercial Division *Rule 8* and appear for a telephonic preliminary conference on September 20, 2022, at 10:30 a.m. (the parties should email dial-in information in advance of the call to SFC-Part3&commat;nycourts.gov).[1]

This constitutes the Decision and Order of the Court.

8/18/2022

---

End of Document

---

[1] In lieu of appearing for a preliminary conference, the parties may submit an agreed-on preliminary conference order in advance of the scheduled date (see https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/PC-Order-Part-3.pdf [Part 3 PC order template]).